<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABIRA MEDICAL LABORATORIES, LLC d/b/a GENESIS DIAGNOSTICS, <br><br> *Plaintiff*, <br><br> v. <br><br> CIGNA HEALTH AND LIFE INSURANCE COMPANY, AND ITS AFFILIATES, ABC COMPANIES 1-100 AND JOHN DOES 1-100, <br><br> *Defendants*. | Case No. 22cv6408 (EP) (AME) <br><br> **OPINION** |

**PADIN, District Judge.**

Plaintiff Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics ("Genesis") alleges that Defendant Cigna Health and Life Insurance Company ("Cigna") failed to reimburse Genesis for laboratory services. D.E. 6-1 ("Complaint" or "Compl.") ¶¶ 1-5. Cigna moves to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), and 12(b)(6). D.E. 6 ("Mot.") at 1. In the alternative, Cigna moves to transfer venue pursuant to 12(b)(3). *Id.* The Court decides this matter on the papers pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1b. For the reasons below, the Court will **GRANT** the motion to the extent that the Court will **TRANSFER** this action to the District of Connecticut.

I.  **BACKGROUND**[1]

Genesis is a Pennsylvania limited liability company and laboratory services provider that offered COVID-19 tests throughout the pandemic. Compl. ¶¶ 6, 16. Cigna is a global health services organization with its principal place of business in Bloomfield, Connecticut. *Id.* ¶ 7. Genesis provides laboratory services to out-of-network patients who are members of Cigna-administered health plans. *Id.* ¶ 6.

Genesis alleges that Cigna refused to reimburse laboratory tests over an extended period. *Id.* ¶ 1. Specifically, Genesis alleges that Cigna refused to pay, underpaid, and did not respond to claims for laboratory services, including COVID-19 tests. *Id.* ¶¶ 1-3. Genesis also alleges that Cigna provided pretextual grounds for its conduct. *Id.* ¶ 4.

Genesis brings claims against Cigna for breach of contract, misrepresentation, estoppel, and unjust enrichment. *Id.* ¶¶ 26-32, 44-60. Additionally, Genesis seeks relief under the implied covenant of good faith and fair dealing' the Family First Coronavirus Relief Act ("FFCRA"); the Coronavirus Aid, Relief, and Economic Security ("CARES") Act; and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). *Id.* ¶¶ 33-43, 61-67.[2]

Cigna now moves to dismiss the Complaint, or in the alternative, to transfer venue to Connecticut. *See* D.E. 6-1 ("Br."). Genesis opposes the motion. D.E. 10 ("Opp'n"). The Court has reviewed the parties' submissions and will transfer the matter to the District of Connecticut.[3]

---

[1] This section derives mainly from the Complaint. On a motion to dismiss, the Court takes all well-pled facts as true. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

[2] Count I alleges a breach of contract. Compl. ¶¶ 26-32. Count II alleges a breach of the implied covenant of good faith and fair dealing. *Id.* ¶¶ 33-37. Count III alleges a violation of the FFCRA and the CARES Act. *Id.* ¶¶ 38-43. Count IV alleges fraudulent and negligent misrepresentation and equitable and promissory estoppel. *Id.* ¶¶ 44-54. Count V alleges unjust enrichment. *Id.* ¶¶ 55-60. And Count VI alleges violation of the UTPCPL. *Id.* ¶¶ 61-67.

[3] Cigna has submitted a reply brief and a notice of supplemental authority. *See* D.Es. 13-14.

Based on that determination, the Court will defer Genesis's 12(b)(2) and 12(b)(6) argument to the transferee Court.

## II.     LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), when deciding a motion to dismiss, a court accepts all well-pled facts as true, construes the complaint in the plaintiff's favor, and determines "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks omitted). Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a Rule 12(b)(6) challenge, the plaintiff's claims must be facially plausible, meaning that the well-pled facts "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The allegations must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Finally, "[i]n deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

Under Rule 12(b)(2), a complaint may also be dismissed for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). When reviewing a motion to dismiss, a court will "accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff" to determine whether personal jurisdiction may be exercised. *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002) (citations omitted). "Since New Jersey's long-arm statute allows the exercise of

3

personal jurisdiction to the fullest limits of due process," the Court will "look to federal law for the interpretation of the limits on in personam jurisdiction." *Malik v. Cabot Oil & Gas Corp.*, 710 Fed. App'x 561, 563 (3d Cir. 2017) (citations omitted).

"The two types of personal jurisdiction are general jurisdiction and specific jurisdiction." *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007). For general jurisdiction, the defendant must have connections that "are so continuous and systematic as to render them essentially at home" in the forum. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citations omitted). Thus, "it is incredibly difficult to establish general jurisdiction [over a corporation] in a forum other than [its] place of incorporation or principal place of business." *Malik*, 710 Fed. App'x at 564 (emphasis and citations omitted). To establish specific jurisdiction, the corporation need not be in its place of incorporation or principal place of business, but "the suit must aris[e] out of or relat[e] to the defendant's contacts with the forum." *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cnty.*, 582 U.S. 255, 262 (2017) (emphasis and citations omitted). "[A] defendant's general connections with the forum are not enough." *Id.* at 264.

Relatedly, Rule 12(b)(3) allows a party to move for dismissal due to improper venue. Fed. R. Civ. P. 12(b)(3). Venue is proper in the judicial district where the defendant resides or the judicial district where "a substantial part of the events or omissions" at issue occurred. 28 U.S.C. § 1391(b). For venue, a corporation resides in the judicial district where it is subject to personal jurisdiction. *Id.* § 1391(c)(2). If proper venue cannot otherwise be established, the action may be brought in the judicial district where personal jurisdiction can be exercised. *Id.* § 1391(b).

## III.   ANALYSIS

### A.   The Court Lacks Personal Jurisdiction Over Cigna[4]

The Court cannot exercise general or specific jurisdiction over Cigna. For general jurisdiction, there is no indication that Cigna's connections to New Jersey are so continuous and systematic as to render it essentially at home in New Jersey. *See Malik*, 710 Fed. App'x at 564 (noting the "incredibl[e] difficult[y] to establish general jurisdiction" over a corporation if the forum is not its place of incorporation or principal place of business). In fact, Genesis concedes that Cigna's principal place of business is Bloomfield, Connecticut. Compl. ¶ 7. Nor is there specific jurisdiction, as there is no indication the claims in this case arise from or relate to Cigna's contacts with New Jersey. Genesis suggests that it has provided services to Cigna members in Bergen County and dedicated COVID-19 resources to the state. *Id.* ¶¶ 6, 16. However, Genesis does not explain how the claims in this case arise from or relate to its New Jersey business, let alone Cigna's contacts with the forum. *See Bristol-Myers*, 582 U.S. at 265 ("What is needed—and what is missing here—is a connection between the forum and the specific claims at issue.").

At most, Genesis alleges that Cigna is registered in New Jersey and conducts business throughout the state, including Bergen County. *Id.* ¶ 7. Even when treated as true, these allegations are insufficient grounds for personal jurisdiction. *Ferguson v. Aon Risk Servs. Cos., Inc.*, 2020 WL 914702, at *4 (D.N.J. Feb. 26, 2020) (registration and business conduct are insufficient grounds for general jurisdiction); *McClung v. 3M Co.*, 2018 WL 4522076, at *5 (D.N.J. July 6,

---

[4] The Court engages in this analysis to the extent necessary to determine where venue is proper, as one consideration for venue is whether "a substantial part of the events or omissions giving rise to the claim occurred" in this district. 28 U.S.C. § 1391(b). Because the Court will transfer the case, the transferee court will engage in its own personal jurisdiction analysis.

2018) (registration and business conduct are insufficient grounds for specific jurisdiction), *report and recommendation adopted as modified*, 2019 WL 4668053 (D.N.J. Sep. 25, 2019).[5]

Despite these deficiencies, Genesis requests discovery to establish personal jurisdiction. Opp'n at 18. However, jurisdictional discovery is unwarranted because the Complaint does not include "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts" between Cigna and New Jersey. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003). "[C]ourts are to assist plaintiffs by allowing jurisdictional discovery unless the plaintiff's claim is clearly frivolous." *Toys "R" Us*, 318 F.3d at 456. But, when jurisdiction is "based only upon bare allegations," a court should not allow "'a fishing expedition . . . under the guise of jurisdictional discovery.'" *LaSala v. Marfin Popular Bank Pub. Co., Ltd.*, 410 Fed. App'x 474, 478 (3d Cir. 2011) (quoting *Eurofins Pharma U.S. Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010)). Here, the allegations in the Complaint are general, broad, and conclusory in nature, implying merely that Cigna members "transacted business" with Genesis in numerous states, "one of which was New Jersey." *Witasick v. Estes*, 2012 WL 3075988, at *7 (D.N.J. July 30, 2012) ("Such allegations fall far short of the showing needed to grant jurisdictional discovery."); *see also* Compl. ¶¶ 6-7, 16.

Nor is the Court persuaded by the cases that Genesis cites in support of jurisdictional discovery. In *Redi-Data, Inc. v. Spamhaus Project*, jurisdictional discovery was permitted because the plaintiff pointed to "specific" entities, websites, and communications in New Jersey. 2022 WL

---

[5] Genesis argues that the allegations provide sufficient grounds for personal jurisdiction. Opp'n at 16-18. But the cases cited by Genesis are inapposite. *See Superior Precast, Inc. v. Safeco Ins. Co. of Am.*, 71 F. Supp. 2d 438, 444 (E.D. Pa. 1999) (the defendant maintained a regional office and advertised that it had several agents in the forum); *Alchemie Int'l Inc. v. Metal World, Inc.*, 523 F. Supp. 1039, 1050 (D.N.J. 1981) (the defendant solicited and negotiated the contract at issue in the forum); *Caronia v. Am. Reliable Ins. Co.*, 999 F. Supp. 299 (E.D.N.Y. 1998) (applying New York law).

3040949, at *6 (D.N.J Aug. 2, 2022). In *Marchionda v. Embassy Suites, Inc.*, jurisdictional discovery was deemed necessary because the Complaint included "a maze of well-known and large corporate entities, with numerous corporate forms, and operations wide in scope." 122 F. Supp. 3d 208, 211 (D.N.J. 2015). And in *Metcalfe v. Renaissance Marine, Inc.*, the plaintiffs "successfully demonstrated a prima facie case of personal jurisdiction" and discovery was intended "to establish jurisdiction by a preponderance of the evidence" at a later stage. 566 F.3d 324, 336 (3d Cir. 2009).

### B. Venue is Improper in the District of New Jersey

Even if the Court had personal jurisdiction over Cigna, transfer to Connecticut would nevertheless be appropriate because venue is inappropriate in this District.

Venue is proper in (1) a judicial district in which any defendant resides, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b). Because Genesis concedes that Cigna does not reside in New Jersey, and based on the Court's jurisdictional holding above, only the second basis for venue could apply here.

However, as discussed above, Genesis does not allege any facts establishing that "a substantial part of the events or omissions giving rise to the claim[s]" for which it seeks payment occurred in New Jersey. Indeed, Genesis does not allege that any event or omission giving rise to any of its claims occurred in New Jersey. *Sondhi v. McPherson Oil Co.*, No. 20-13986, 2021 WL 5356182, at *3 (D.N.J. Nov. 17, 2021) (venue is improper in this district where "neither defendant resides in New Jersey," and "all of the events giving rise to this claim" occurred elsewhere).

7

Here, in addition to the jurisdictional defect discussed above, there is no indication that a substantial part of the events or omissions at issue occurred in this District. As Cigna highlights, Genesis's argument that "many of the samples for the laboratory tests at issue in this lawsuit were collected in New Jersey, performed on New Jersey residents, with the results of those tests sent to New Jersey," Opp'n at 12, appears nowhere in the Complaint. *See Pa. ex rel. Zimmerman v. Pepsico*, 836 F.2d 173 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). But even if it did, alleging that a New Jersey resident's doctor chose to send a sample to a Pennsylvania lab does not sufficiently connect Cigna (Connecticut) and Genesis's lab (Pennsylvania) to New Jersey. *See Abira Med. Lab'ys LLC v. Johns Hopkins Healthcare LLC*, No. 19-cv-05090, 2020 WL 3791565, at *5 (E.D. Pa. July 7, 2020) ("Rather than deliberately targeting [Pennsylvania, defendant] merely allowed [its members] to choose physicians who, in turn, chose to send members' specimens to Genesis for laboratory testing services in Pennsylvania.").

A district court "shall dismiss, or if it be in the interest of justice, transfer" a case "laying venue in the wrong division or district . . . to any district or division [where the case] could have been brought." 28 U.S.C. § 1406(a). Transfer is appropriate where, as here, it would avoid the "'time-consuming and justice-defeating technicalities'" that dismissal would entail. *Tillay v. Idaho Power Co.*, 425 F. Supp. 376, 382 (E.D. Wash. 1976) (quoting *Goldlawr v. Heiman*, 369 U.S. 463, 467 (1962)).

Genesis argues that the Court should consider convenience as part of the venue analysis. Opp'n at 19-20 (citing 28 U.S.C. § 1404(a)). But section 1404(a) provides for case transfer "where both the original and the requested venue are proper. Section 1406, on the other hand, applies where the original venue is improper and provides for either transfer or dismissal of the case."

8

*Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). Because venue is improper in this District, § 1406 applies, and convenience is not a consideration.

Accordingly, the Court will transfer the matter to the District of Connecticut, where Cigna has its principal place of business.

### IV.   CONCLUSION

For the reasons set forth above, Cigna's motion (D.E. 6) will be **GRANTED** to the extent that the Court will **TRANSFER** the action to the District of Connecticut. An appropriate Order accompanies this Opinion.

Dated: June 16, 2023

_____
Evelyn Padin, U.S.D.J.